IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN TROOPER, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-3933 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent*. | § | |

## ORDER ON DISMISSAL

Petitioner John Trooper, a state inmate proceeding *pro se* and *in forma pauperis*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging his loss of street time credits following revocation of his supervised release. Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because petitioner is not entitled to federal habeas relief on his claims, the Court will dismiss this petition.

### *Background and Claims*

Petitioner reports that he was convicted of possession of a controlled substance in 1990 and sentenced to twenty years imprisonment as enhanced by a prior robbery conviction. On September 17, 1992, he was released to supervised release, which was revoked on January 20, 2006. Petitioner complains that prison officials refused to credit him with the 4,786 days of street time he accrued prior to the revocation of his supervised release. He

claims that his rights to due process and ex post facto protection were violated by the State's "retroactive" application of House Bill 1649 (which became effective on September 1, 2001) to his 1990 conviction and 1992 supervised release, and that the State is illegally extending his sentence by denying him street time credit.[1]  His state time-credit and habeas proceedings on these issues were denied.

Petitioner's claims are not novel and have been rejected by other federal courts. Under none of the pre-2001 versions of the applicable statute was petitioner entitled to street time credit following revocation of supervised release, and no federal constitutional issue is presented.

*Analysis*

From at least 1965 and up to September 1, 2001, Texas law allowed the Board of Pardons and Paroles to disregard the street time a prisoner accumulated while on release prior to revocation.  TEX. GOV'T CODE § 508.283; *see Ex Parte Canada*, 754 S.W.2d 660, 661 n.2 (Tex. Crim. App. 1988).  Thus, state prisoners had no protected federal liberty interest in retention of street time credit upon revocation of their supervised release.  *Thompson v. Cockrell,* 263 F.3d 423, 426 (5th Cir. 2001).  The 77th Legislature passed House Bill 1649, effective September 1, 2001 and codified as Texas Government Code § 508.283(c), which

---

[1]Petitioner does not contend that the statute as it stood at the time of his revocation in 2006 was in any significant way different from the September 1, 2001 version of the statute.

2

grants certain offenders, who have their supervised release revoked on or after the effective

date, credit for the portion of time they spent on supervised release.

This statutory retention of street time credit is limited.  Under section 508.283(b), if

the supervised release of a person described by section 508.149(a) is revoked, the person may

be required to serve the remaining portion of the sentence on which the person was released.

The remaining portion of the sentence is computed without credit for the time from the date

of the person's release to the date of revocation.  In other words, a prisoner convicted of an

offense listed under section 508.149(a) is not statutorily entitled to street time credit

following revocation of his supervised release.

In denying petitioner's complaints regarding his forfeiture of street time credits, the

state habeas court made the following finding:

> TDCJ has denied [petitioner] 'street time' credit against his sentence, namely
> credit for the period of time when [he] was on supervised release and prior to
> the revocation of his supervised release, because [petitioner] was previously
> convicted for robbery under TDCJ ID # 230430.

(Docket Entry No. 1, Findings of Fact.)  The robbery conviction made petitioner "a person

described by Section 508.149(a)" and ineligible for street time credit following revocation

of his supervised release.  Petitioner does not dispute the factual correctness of this finding,

and does not dispute that the state statute authorized forfeiture of his street time credit.

Because he had no protected liberty interest in his street time credits after revocation of his

supervised release, there was no due process violation in connection with the forfeiture of

those credits. *See Thompson*. Rather, petitioner complains that the "retroactive" application of the 2001 amended statute to his 1990 conviction and 1992 supervised release constituted due process and ex post facto violations, and illegally extended his sentence.

To constitute a violation of the ex post facto clause, a change in law must be both retroactive and act to a prisoner's detriment. *Hallmark v. Johnson*, 118 F.3d 1073, 1077-78 (5th Cir. 1997); *see also Lynce v. Mathis,* 519 U.S. 433, 441 (1997). The reviewing court "must determine whether [the change] produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." *California Dep't of Corrections v. Morales,* 514 U.S. 499, 509 (1995).

The implementation of the 2001 amended section 508.283 did not disadvantage petitioner or cause him to endure a punishment more severe than that assigned by law when the criminal act occurred in 1990. Texas law has provided at least since 1965 that a person is not entitled to credit for street time following revocation of supervised release. Under prior versions of the statute, upon revocation of supervised release, a "person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation." TEX. CODE CRIM. PRO. art. 42.18 § 14(a) (Vernon 1992 & 1993); TEX. CODE CRIM. PRO. art. 42.12 § 22 (Vernon 1979). The denial of petitioner's street time credit did not increase his punishment for the 1990 offense beyond what was prescribed when the crime was committed. He must still must serve the same twenty year sentence

4

imposed by the trial court and permitted by Texas law at the time of the offense.  Petitioner does not, and cannot, demonstrate a due process or ex post facto violation under the facts alleged in this case.

Nor did the forfeiture of petitioner's street time credit illegally extend his twenty year sentence.  At the time petitioner was convicted in 1990 and released to supervised release in 1992, Texas law provided that an inmate serving the remainder of his sentence following revocation of his supervised release did not receive credit for the time from the date of the person's release to the date of revocation.  That a prisoner must serve the remaining portion of his sentence after revocation of supervised release does not present an issue of federal constitutional dimension.  *Morrison v. Johnson,* 106 F.3d 127, 129 n. 1 (5th Cir. 1997).

*Conclusion*

Regardless whether the statute as it appeared in 1990, 1992, or 2001 is applied to petitioner's fact situation, he had no state statutory or federal constitutional right to street time credit following revocation of his supervised release in 2006.  Petitioner presents no federal habeas issue that would entitle him to relief.

Accordingly, habeas relief is DENIED and this case is DISMISSED WITH PREJUDICE.  Any and all pending motions are DENIED AS MOOT.  A certificate of appealability is DENIED.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on November 28, 2007.

Gray H. Miller
United States District Judge